1    WILLIAM L. STERN (CA SBN 96105)
     WStern@mofo.com
2    CLAUDIA M. VETESI (CA SBN 233485)
     CVetesi@mofo.com
3    LISA A. WONGCHENKO (CA SBN 281782)
     LWongchenko@mofo.com
4    MORRISON & FOERSTER LLP
     425 Market Street
5    San Francisco, California  94105-2482
     Telephone: 415.268.7000
6    Facsimile: 415.268.7522

7    Attorneys for Defendant
     TWININGS NORTH AMERICA, INC.

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14   NANCY LANOVAZ, individually and on behalf      Case No. 5:12-cv-02646-RMW
     of all others similarly situated,
15
                        Plaintiff,
16                                                   **DEFENDANT'S ANSWER TO THE**
          v.                                         **THIRD AMENDED COMPLAINT**
17                                                   **FOR DAMAGES, EQUITABLE AND**
     TWININGS NORTH AMERICA, INC.,                   **INJUNCTIVE RELIEF**
18
                        Defendant.                   Judge:  Hon. Ronald M. Whyte
19                                                   Action Filed:  May 23, 2012

20

21

22

23

24

25

26

27

28

Defendant TWININGS NORTH AMERICA, INC. ("Defendant" or "Twinings"), hereby answers the Third Amended Complaint ("TAC") filed by Plaintiff Nancy Lanovaz ("Plaintiff") as follows:

**<u>INTRODUCTION</u>**

1.      Answering Paragraph 1 of the TAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence.  Answering the third sentence, Defendant states that it is aware of applicable laws and that a letter was sent to Lipton, and denies the remainder of the sentence.  The remainder of Paragraph 1 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.      Answering Paragraph 2 of the TAC, Defendant states that it is a tea company based in Clifton, New Jersey and is a wholly owned subsidiary of Associated British Foods, which is based in London, England.  It admits that it markets over 50 varieties of tea, including green, black, red, and white teas.

3.      Answering Paragraph 3 of the TAC, Defendant states that the content of its labels, website, and other marketing materials speaks for itself.  Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant denies the allegations of Paragraph 4 of the TAC.

5.      Answering Paragraph 5 of the TAC, Defendant states that its green, black, and white tea products are made from the Camellia sinensis plant.  Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant denies the allegations of Paragraph 6 of the TAC.

7.      Answering Paragraph 7 of the TAC, Defendant admits that it sold the green tea products enumerated in Paragraph 7 during the class period.  Defendant states that the content of any Twinings product label speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 7 regarding Plaintiff, and therefore denies them.  Except where expressly admitted, Defendant denies the remaining allegations in Paragraph 7.

8.      Answering Paragraph 8 of the TAC, Defendant admits that it sold the black and white tea products enumerated in Paragraph 8.  Defendant states that the content of any Twinings product label speaks for itself.  Except where expressly admitted, Defendant denies the remaining allegations in Paragraph 8.

9.      Answering Paragraph 9 of the TAC, Defendant states that the content of any Twinings product label speaks for itself.  Defendant denies the remaining allegations in Paragraph 9.

10.     Answering Paragraph 10 of the TAC, Defendant states that the content of any Twinings product label speaks for itself.  Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 11 of the TAC regarding Plaintiff's actions and beliefs, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 11.

12.     Paragraph 12 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.     Answering Paragraph 13 of the TAC, Defendant states that the content of any website speaks for itself.  Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 14 of the TAC regarding Plaintiff, and therefore denies them.

15.     Defendant denies the allegations of Paragraph 15 of the TAC.

16.     Defendant denies the allegations of Paragraph 16 of the TAC.

17.     Paragraph 17 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     Answering Paragraph 18 of the TAC, Defendant states that the content of any Twinings product label speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 18 regarding Plaintiff's actions and beliefs, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 18.

19.     Defendant denies the allegations of Paragraph 19 of the TAC.

20.     Defendant denies the allegations of Paragraph 20 of the TAC.

21.     The first sentence of Paragraph 21 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23.     Paragraph 23 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.     Answering Paragraph 24 of the TAC, Defendant states that the content of any FDA letter and Twinings product labels speaks for itself.  Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant denies the allegations of Paragraph 25 of the TAC.

**PARTIES**

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 26 of the TAC, and therefore denies them.

27.     Answering Paragraph 27 of the TAC, Defendant states that it is a Delaware corporation with its principle place of business in Clifton, New Jersey.  Defendant denies the remaining allegations in Paragraph 27.

28.     Answering Paragraph 28 of the TAC, Defendant states that it markets green, black, and white tea products in the United States and California.  Defendant denies the remaining allegations in Paragraph 28 of the TAC.

## JURISDICTION AND VENUE

29.     Paragraph 29 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     Paragraph 31 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32.     Paragraph 32 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 32.

## FACTUAL ALLEGATIONS

33.     Paragraph 33 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.     Paragraph 34 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35.     Paragraph 35 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. Paragraph 36 of the TAC purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. The statements in Paragraph 37 of the TAC do not require that the statements be admitted nor denied, as no allegations are stated. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38. Answering Paragraph 38 of the TAC, Defendant states that the content of any FDA guidance document speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39. Answering Paragraph 39 of the TAC, Defendant states that the content of any FDA guidance document speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations of Paragraph 40 of the TAC.

41. Answering Paragraph 41 of the TAC, Defendant states that the content of any FDA letter speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations of Paragraph 42 of the TAC.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 43 of the TAC, and therefore denies them.

44. Answering Paragraph 44 of the TAC, Defendant states that the content of any FDA warning letter speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations stated in Paragraph 44 of the TAC, and therefore denies them.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in the first sentence of Paragraph 45 of the TAC, and therefore denies them. Defendant further states that it did not make labeling changes in response to warning letters sent to other companies. Defendant denies the remaining allegations in Paragraph 45.

46.     Defendant denies the allegations of Paragraph 46 of the TAC.

47.     Defendant denies the allegations of Paragraph 47 of the TAC.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 48 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 48 of the TAC.

49.     Paragraph 49 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Paragraph 50 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Paragraph 51 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.     Paragraph 54 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.     Paragraph 55 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.     Paragraph 56 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57.     Paragraph 57 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations of Paragraph 58 of the TAC.

59.     Defendant denies the allegations of Paragraph 59 of the TAC.

60.     Defendant denies the allegations of Paragraph 60 of the TAC.

61.     Paragraph 61 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

62.     Defendant denies the allegations of Paragraph 62 of the TAC.

63.     Defendant denies the allegations of Paragraph 63 of the TAC.

64.     Defendant denies the allegations of Paragraph 64 of the TAC.

65.     Defendant denies the allegations in the first sentence of Paragraph 65 of the TAC. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations stated in Paragraph 65 of the TAC, and therefore denies them.

66.     Answering Paragraph 66 of the TAC, Defendant states that the content of any FDA letter speaks for itself.  Defendant further states that it is aware that a letter was sent to Lipton and denies the remaining allegations in Paragraph 66.

67.     Defendant denies the allegations of Paragraph 67 of the TAC.

68.     Answering Paragraph 68 of the TAC, Defendant states that the content of any FDA letter speaks for itself.  Defendant denies the remaining allegations in Paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 69 of the TAC regarding Plaintiff, and therefore denies them.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 69.

70.     The statements in Paragraph 70 do not require that the statements be admitted nor denied, as no allegations are stated.  To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 71 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 71.

72.     Defendant denies the allegations of Paragraph 72 of the TAC.

73.     Defendant denies the allegations of Paragraph 73 of the TAC.

74.     Defendant denies the allegations of Paragraph 74 of the TAC.

75.     Paragraph 75 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76 of the TAC.

77.     Answering Paragraph 77 of the TAC, Defendant states that the content of any Twinings product label or website speaks for itself.  Defendant states that the content of any FDA letter speaks for itself.  Defendant denies the remaining allegations in Paragraph 77.

78.     Answering Paragraph 78 of the TAC, Defendant states that the content of any FDA letter speaks for itself.  Defendant further states that it is aware that a letter was sent to Lipton and denies the remaining allegations in Paragraph 78.

79.     Defendant denies the allegations of Paragraph 79 of the TAC.

80.     Answering Paragraph 80 of the TAC, Defendant states that the content of any FDA letter speaks for itself.  Defendant further states that it is aware that a letter was sent to Lipton and denies the remaining allegations in Paragraph 80.

81.     Answering Paragraph 81 of the TAC, Defendant states that the content of any statement by the British Advertising Standards Authority speaks for itself.  Defendant denies the remaining allegations of Paragraph 81.

82.    Answering Paragraph 82 of the TAC, Defendant states that the content of any statement by the British Advertising Standards Authority speaks for itself.  Defendant denies the remaining allegations in Paragraph 82.

83.    Answering Paragraph 83 of the TAC, Defendant states that the content of the referenced article speaks for itself.  Defendant denies the remaining allegations in Paragraph 83.

84.    Answering Paragraph 84 of the TAC, Defendant states that the content of USDA's website speaks for itself.  Defendant denies the remaining allegations in Paragraph 84.

85.    The statements in Paragraph 85 do not require that the statements be admitted nor denied, as no allegations are stated.  To the extent a response is required, Defendant denies the allegations in Paragraph 85.

86.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 86 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 86.

87.    Defendant denies the allegations of Paragraph 87 of the TAC.

88.    Defendant denies the allegations of Paragraph 88 of the TAC.

89.    Defendant denies the allegations of Paragraph 89 of the TAC.

90.    Paragraph 90 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91.    Paragraph 91 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92.    Paragraph 92 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93.    Paragraph 93 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 93.

94.     Paragraph 94 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 94.

95.     Paragraph 95 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies the remaining allegations in Paragraph 95.

96.     Paragraph 96 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97 of the TAC.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 98 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 98.

99.     Defendant denies the allegations of Paragraph 99 of the TAC.

100.     Answering Paragraph 100 of the TAC, Defendant states that the referenced warning letters speak for themselves.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations stated in Paragraph 100, and therefore denies them.

101.     Answering Paragraph 101 of the TAC, Defendant states that the content of any Twinings product label and website speaks for itself.  Defendant states that the referenced warning letters speak for themselves.  Defendant denies the remaining allegations in Paragraph 101.

102.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 102 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 102.

103.     Defendant denies the allegations of Paragraph 103 of the TAC.

104.     Defendant denies the allegations of Paragraph 104 of the TAC.

105.     Defendant denies the allegations of Paragraph 105 of the TAC.

106.    Paragraph 106 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107.    Paragraph 107 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 107.

108.    Defendant denies the allegations of Paragraph 108 of the TAC.

109.    Defendant denies the allegations of Paragraph 109 of the TAC.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 110 regarding Plaintiff and class members, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 110.

111.    Defendant denies the allegations of Paragraph 111 of the TAC.

112.    Defendant denies the allegations of Paragraph 112 of the TAC.

113.    Defendant denies the allegations of Paragraph 113 of the TAC.

114.    Answering Paragraph 114 of the TAC, Defendant states that the content of any Twinings product label speaks for itself.  Defendant denies the remaining allegations in Paragraph 114.

115.    Defendant denies the allegations of Paragraph 115 of the TAC.

116.    Defendant denies the allegations of Paragraph 116 of the TAC.

117.    Defendant denies the allegations of Paragraph 117 of the TAC.

118.    Defendant denies the allegations of Paragraph 118 of the TAC.

119.    Defendant denies the allegations of Paragraph 119 of the TAC.

120.    Defendant denies the allegations of Paragraph 120 of the TAC.

121.    Defendant denies the allegations of Paragraph 121 of the TAC.

122.    Defendant denies the allegations of Paragraph 122 of the TAC.

123.    Defendant denies the allegations of Paragraph 123 of the TAC.

124.    Defendant denies the allegations of Paragraph 124 of the TAC.

125.    Defendant denies the allegations of Paragraph 125 of the TAC.

126.   Defendant denies the allegations of Paragraph 126 of the TAC.

127.   Defendant denies the allegations of Paragraph 127 of the TAC.

128.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 128 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 128.

129.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 129 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 129.

130.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 130 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 130.

131.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 131 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 131.

132.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 132 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 132.

133.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 133 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 133.

134.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 134 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 134.

135.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 135 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 135.

136.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 136 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 136.

137.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 137 of the TAC regarding Plaintiff, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 137.

138.     Defendant denies the allegations of Paragraph 138 of the TAC.

139.     Defendant denies the allegations of Paragraph 139 of the TAC.

140.     Paragraph 140 of the TAC purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 140.

141.     Defendant denies the allegations of Paragraph 141 of the TAC.

142.     Answering Paragraph 142 of the TAC, Defendant states that its green, black, and white tea products are made from the Camellia sinensis plant.  Defendant denies the remaining allegations in Paragraph 142.

143.     Answering Paragraph 143 of the TAC, Defendant states that the content of any Twinings label and website speaks for itself.  Defendant denies the remaining allegations of Paragraph 143.

144.     Answering Paragraph 144 of the TAC, Defendant states that the content of any Twinings label and website speaks for itself.  Defendant denies the remaining allegations of Paragraph 144.

145.     Defendant denies the allegations of Paragraph 145 of the TAC.

## CLASS ACTION ALLEGATIONS

146.     Answering Paragraph 146 of the TAC, Defendant admits that Plaintiff purportedly seeks certification of a class as described therein.  Defendant denies the remaining allegations in Paragraph 146.

147.     Answering Paragraph 147 of the TAC, Defendant admits that Plaintiff purportedly seeks certification of a class as described therein.  The remainder of this Paragraph purports to

1  state legal conclusions to which no response is required.  Defendant denies the remaining

2  allegations in Paragraph 147.

3      148.    Defendant denies the allegations of Paragraph 148 of the TAC.

4      149.    Defendant denies the allegations of Paragraph 149 of the TAC.

5      150.    Defendant denies the allegations of Paragraph 150 of the TAC.

6      151.    Defendant denies the allegations of Paragraph 151 of the TAC.

7      152.    Defendant denies the allegations of Paragraph 152 of the TAC.

8      153.    Defendant denies the allegations of Paragraph 153 of the TAC.

9      154.    Defendant denies the allegations of Paragraph 154 of the TAC.

10     155.    Defendant denies the allegations of Paragraph 155 of the TAC.

11     156.    The statements in Paragraph 156 do not require that the statements be admitted nor

12  denied, as no allegations are stated.  To the extent a response is required, Defendant denies the

13  allegations in Paragraph 156.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Business and Professions Code § 17200, *et seq.***
**Unlawful Business Acts and Practices**

17     157.    The statements in Paragraph 157 do not require that the statements be admitted nor

18  denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous

19  responses as set forth in Paragraphs 1-156 as though fully set forth herein.

20     158.    Defendant denies the allegations of Paragraph 158 of the TAC.

21     159.    Defendant denies the allegations of Paragraph 159 of the TAC.

22     160.    Answering Paragraph 160 of the TAC, Defendant admits that it is a corporation.

23  The remainder of this Paragraph purports to state legal conclusions to which no response is

24  required.  To the extent a response is required, Defendant denies the remaining allegations in

25  Paragraph 160.

26     161.    Defendant denies the allegations of Paragraph 161 of the TAC.

27     162.    Defendant denies the allegations of Paragraph 162 of the TAC.

28     163.    Defendant denies the allegations of Paragraph 163 of the TAC.

1    164.   Defendant denies the allegations of Paragraph 164 of the TAC.

2    165.   Defendant denies the allegations of Paragraph 165 of the TAC.

3    166.   Defendant denies the allegations of Paragraph 166 of the TAC.

4    167.   Defendant denies the allegations of Paragraph 167 of the TAC.

**SECOND CAUSE OF ACTION**
**Business and Professions Code § 17200, *et seq.***
**Unfair Business Acts and Practices**

7    168.   The statements in Paragraph 168 do not require that the statements be admitted nor denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous responses as set forth in Paragraphs 1-167 as though fully set forth herein.

10   169.   Defendant denies the allegations of Paragraph 169 of the TAC.

11   170.   Defendant denies the allegations of Paragraph 170 of the TAC.

12   171.   Defendant denies the allegations of Paragraph 171 of the TAC.

13   172.   Defendant denies the allegations of Paragraph 172 of the TAC.

14   173.   Defendant denies the allegations of Paragraph 173 of the TAC.

15   174.   Defendant denies the allegations of Paragraph 174 of the TAC.

16   175.   Defendant denies the allegations of Paragraph 175 of the TAC.

17   176.   Defendant denies the allegations of Paragraph 176 of the TAC.

**THIRD CAUSE OF ACTION**
**Business and Professions Code § 17200, *et seq.***
**Fraudulent Business Acts and Practices**

20   177.   The statements in Paragraph 177 do not require that the statements be admitted nor denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous responses as set forth in Paragraphs 1-176 as though fully set forth herein.

23   178.   Defendant denies the allegations of Paragraph 178 of the TAC.

24   179.   Defendant denies the allegations of Paragraph 179 of the TAC.

25   180.   Defendant denies the allegations of Paragraph 180 of the TAC.

26   181.   Defendant denies the allegations of Paragraph 181 of the TAC.

27   182.   Defendant denies the allegations of Paragraph 182 of the TAC.

28   183.   Defendant denies the allegations of Paragraph 183 of the TAC.

**FOURTH CAUSE OF ACTION**
**Business and Professions Code § 17500, *et seq.***
**Misleading and Deceptive Advertising**

184.   The statements in Paragraph 184 do not require that the statements be admitted nor denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous responses as set forth in Paragraphs 1-183 as though fully set forth herein.

185.   Answering Paragraph 185 of the TAC, Defendant admits that Plaintiff purports to assert a cause of action for violations of California Business and Professions Code § 17500, *et seq*. Defendant denies the remaining allegations in Paragraph 185.

186.   Defendant denies the allegations of Paragraph 186 of the TAC.

187.   Defendant denies the allegations of Paragraph 187 of the TAC.

188.   Defendant denies the allegations of Paragraph 188 of the TAC.

189.   Defendant denies the allegations of Paragraph 189 of the TAC.

190.   Defendant denies the allegations of Paragraph 190 of the TAC.

191.   Defendant denies the allegations of Paragraph 191 of the TAC.

**FIFTH CAUSE OF ACTION**
**Business and Professions Code § 17500, *et seq.***
**Untrue Advertising**

192.   The statements in Paragraph 192 do not require that the statements be admitted nor denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous responses as set forth in Paragraphs 1-191 as though fully set forth herein.

193.   Answering Paragraph 193 of the TAC, Defendant admits that Plaintiff purports to assert a cause of action for violations of California Business and Professions Code § 17500, *et seq*. Defendant denies the remaining allegations in Paragraph 193.

194.   Defendant denies the allegations of Paragraph 194 of the TAC.

195.   Defendant denies the allegations of Paragraph 195 of the TAC.

196.   Defendant denies the allegations of Paragraph 196 of the TAC.

197.   Defendant denies the allegations of Paragraph 197 of the TAC.

198.   Defendant denies the allegations of Paragraph 198 of the TAC.

199.   Defendant denies the allegations of Paragraph 199 of the TAC.

**SIXTH CAUSE OF ACTION**
**Consumer Legal Remedies Act, Cal. Civ. Code § 1750, _et seq._**

200.     The statements in Paragraph 200 do not require that the statements be admitted nor denied, as no allegations are stated.  Defendant hereby incorporates by reference its previous responses as set forth in Paragraphs 1-199 as though fully set forth herein.

201.     Answering Paragraph 201 of the TAC, Defendant admits that Plaintiff purports to assert a cause of action for violations of the CLRA.  Defendant denies the remaining allegations in Paragraph 201.

202.     Defendant denies the allegations of Paragraph 202 of the TAC.

203.     Defendant denies the allegations of Paragraph 203 of the TAC.

204.     Defendant denies the allegations of Paragraph 204 of the TAC.

205.     Defendant denies the allegations of Paragraph 205 of the TAC.

206.     Paragraph 206 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 206.

207.     Paragraph 207 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 207.

208.     Defendant denies the allegations of Paragraph 208 of the TAC.

209.     Defendant denies the allegations of Paragraph 209 of the TAC.

210.     Defendant denies the allegations of Paragraph 210 of the TAC.

211.     Defendant denies the allegations of Paragraph 211 of the TAC.

212.     Answering Paragraph 212 of the TAC, Defendant admits that Plaintiff purports to request an injunction.  Defendant denies the remaining allegations in Paragraph 212.

213.     Answering Paragraph 213 of the TAC, Defendant states that Plaintiff's counsel sent a letter regarding purported CLRA violations dated September 20, 2012.  Defendant denies the remaining allegations set forth in Paragraph 213.

214.     Defendant denies the allegations of Paragraph 214 of the TAC.

215.     Defendant denies the allegations of Paragraph 215 of the TAC.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The TAC fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The application of California law to the entire class is improper.

**THIRD DEFENSE**

Plaintiff and the putative class members lack standing under Article III of the United States Constitution to assert these claims.

**FOURTH DEFENSE**

Plaintiff and the putative class members lack standing to assert these claims because, *inter alia*, they have sustained no damages, and if they have sustained damages, such damages were not related to Defendant's conduct.

**FIFTH DEFENSE**

The asserted claims are barred, in whole or in part, to the extent there is no legal injury.

**SIXTH DEFENSE**

Plaintiff and the putative class members' claims are time-barred by applicable limitations periods.

**SEVENTH DEFENSE**

The claims should be dismissed by reason of express preemption by the Food Drug and Cosmetic Act, 21 U.S.C. Sec. 341, *et seq.*

**EIGHTH DEFENSE**

The claims should be dismissed by reason of implied preemption by the Food Drug and Cosmetic Act, 21 U.S.C. Sec. 341, *et seq.*

**NINTH DEFENSE**

The claims should be dismissed by reason of field preemption by the Food Drug and Cosmetic Act, 21 U.S.C. Sec. 341, *et seq.*

**TENTH DEFENSE**

The claims should be dismissed because the Court should abstain from proceeding since the labeling issues raised by the action are within the jurisdiction of the United States Food and Drug Administration.

**ELEVENTH DEFENSE**

The claims should be dismissed because the labels at issue fully comply with the United States Food and Drug Administration's regulations, standards, and policies.

**TWELFTH DEFENSE**

The TAC should be dismissed pursuant to the doctrine of primary jurisdiction because Plaintiff's claims raise issues that should be addressed in the first instance by the United States Food and Drug Administration.

**THIRTEENTH DEFENSE**

The claims are barred, in whole or in part, because the acts at issue are subject to direct, comprehensive government regulation.

**FOURTEENTH DEFENSE**

The claims are barred because Defendant was under no duty to disclose any of the purported information Plaintiff alleges was not disclosed.

**FIFTEENTH DEFENSE**

The claims against Defendant are barred, in whole or in part, because Plaintiff and the putative class members cannot meet their burden of showing that any act, conduct, statement or omission by Defendant was likely to mislead the public.

**SIXTEENTH DEFENSE**

The claims against Defendant are barred, in whole or in part, because Plaintiff and the putative class members were not actually deceived by any statements or omissions by Defendant.

**SEVENTEENTH DEFENSE**

Any claims for damages or other monetary recovery by Plaintiff, or on behalf of persons claimed to be members of the purported class, must be offset and reduced by the value received.

1

**EIGHTEENTH DEFENSE**

2       The claims against Defendant are barred, in whole or in part, by reason of the failure to

3   give proper notice of their claims.

4

**NINETEENTH DEFENSE**

5       The claims are barred, in whole or in part, insofar as they seek equitable relief for claims

6   for which there is an adequate legal remedy.

7

**TWENTIETH DEFENSE**

8       The claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or

9   laches.

10

**TWENTY-FIRST DEFENSE**

11       If any warranty, guarantee or other representation with respect to any of the products

12   involved in this case was made by Defendant, then each such warranty, guarantee or

13   representation was fully satisfied.

14

**TWENTY-SECOND DEFENSE**

15       If any warranty, guarantee or other representation with respect to any of the products

16   involved in this case was made by Defendant, then the claims are barred by reason of the failure

17   to comply with conditions precedent.

18

**TWENTY-THIRD DEFENSE**

19       Plaintiff's action is not properly maintained as a class action because the requirements

20   under federal law for certification are not met and certification of the proposed class would result

21   in denial of due process.

22

**TWENTY-FOURTH DEFENSE**

23       The damages allegedly sustained were caused solely by the culpable and negligent

24   conduct of the Plaintiff and the putative class members, and were not caused nor contributed to by

25   reason of any negligence or other omission or act by Defendant.

26

**TWENTY-FIFTH DEFENSE**

27       Defendant denies any acts or omissions on its part proximately caused the damages of

28   which Plaintiff and the putative class members complain.

1

**TWENTY-SIXTH DEFENSE**

2      In this putative class action, the state law governing various claims varies.  Defendant is

3 entitled to the benefit of all defenses and presumptions contained in, or arising from, the statutory

4 or common law of the state whose substantive law controls the action as to each individual

5 member of the putative class.  Defendant reserves its right to assert all applicable defenses under

6 the law that governs the claims for any particular Plaintiff.

7

**TWENTY-SEVENTH DEFENSE**

8      Plaintiff's request for punitive relief cannot be sustained because the TAC fails to state

9 sufficient facts to support the prayer against Defendant.  Defendant specifically incorporates by

10 reference any and all standards or limitations regarding the determination and enforceability of

11 punitive awards that are set forth in the Federal and State Constitutions, statutes, and court cases.

12

**TWENTY-EIGHTH DEFENSE**

13      Defendant hereby gives notice that it intends to rely upon such other defenses as may

14 become available or apparent during the course of discovery and thus reserves the right to amend

15 its Answer to assert such defenses.

16      WHEREFORE, Defendant demands Judgment dismissing the TAC, denying class

17 certification, together with costs, disbursements and attorneys' fees herein, and such other and

18 further relief that this Court deems appropriate.

19

**DEMAND FOR JURY TRIAL**

20      Defendant hereby demands a jury trial for all individual and class claims so triable.

21

22

23

24

25

26

27

28

1    Dated: July 8, 2013                     WILLIAM L. STERN
                                             CLAUDIA M. VETESI
2                                            LISA A. WONGCHENKO
                                             MORRISON & FOERSTER LLP
3

4

5                                            By:  /s/ William L. Stern
                                                    WILLIAM L. STERN
6
                                             Attorneys for Defendant
7                                            TWININGS NORTH AMERICA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28