UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY LANOVAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA, INC.,<br><br>Defendant. | Case No. C-12-02646-RMW<br><br>**ORDER RE: SEALING MOTIONS**<br><br>[Re Docket Nos. 100, 115, 119] |

Before the court are three administrative motions to seal documents. The entirety of the Administrative Motion to File Under Seal Supplemental Exhibits Related to Class Certification, Dkt. No. 119, is denied as moot as the court denied the motion to supplement. *See* Dkt. No. 132 at n.2. The court addresses the remaining two motions, Dkt. Nos. 100 and 115, below.

**A. Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions

bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to nondispositive motions therefore are not subject to the strong presumption of access. *See id.* at 1180. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id.* at 1179 (internal quotations and citations omitted). As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th

Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. In this case, the Federal Circuit has counseled that "Apple and Samsung have an interest in keeping their detailed product-specific financial information secret . . . because they could suffer competitive harm if this information is made public." *Apple*, 727 F.3d at 1225.

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).[1]

With these standards in mind, the courts rules on the instant motions as follows.

---

[1] The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented, the court applies the prior form of Civ. L. R. 79-5 for the purposes of this order.

3

Case No.: 12-CV-02885-LHK
ORDER RE MOTIONS TO SEAL

**B. Sealing Order**

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 100 | Declaration of Dan Martin at 2:4-12 and 3:10 | GRANTED | Narrowly tailored to confidential business information. |
| 100 | Exhibit A to the Declaration Dan Martin (2009 Wholesale Price List) | GRANTED in part and DENIED in part. | GRANTED as to the "list price" columns; DENIED as the rest of the document. |
| 100 | Exhibit B to the Declaration Dan Martin (2011 Wholesale Price List) | GRANTED in part and DENIED in part. | GRANTED as to the "list price" columns; DENIED as the rest of the document. |
| 100 | Exhibit D to the Declaration Dan Martin (Specialty Wholesale Price List) | GRANTED in part and DENIED in part. | GRANTED as to the "list price" columns; DENIED as the rest of the document. |
| 100 | Exhibit A to Declaration of Carol Scott, portions of ¶¶ 6, 7, 10, 12, 20-30, 32, 34, and Exhibit 4 to the Expert Report (Compilation of wholesale pricing). | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Exhibit A to the Reply in Support of Class Certification (internal Twinings marketing research) | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Exhibit B to the Reply in Support of Class Certification (internal Twinings marketing research) | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Exhibit C to the Reply in Support of Class Certification (internal Twinings marketing research) | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Exhibit D to the Reply in Support of Class Certification (internal Twinings marketing research) | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Exhibit E to the Reply in Support of Class Certification (internal Twinings marketing research) | GRANTED | Narrowly tailored to confidential business information. |

4

Case No.: 12-CV-02885-LHK
ORDER RE MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| 115 | Declaration of Dr. Oral Capps in Support of Reply in Support of Class Certification at 4:9-11; 8:2-21; 9:8-10, 26-27. | GRANTED | Narrowly tailored to confidential business information. |
| 115 | Plaintiff's Reply at 1:13-20; 2:25-28; 3:1-23 | GRANTED | Narrowly tailored to confidential business information. |

**IT IS SO ORDERED.**

Dated: April 24, 2014

_____
RONALD M WHYTE
United States District Judge

5

Case No.: 12-CV-02885-LHK
ORDER RE MOTIONS TO SEAL