UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY LANOVAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA, INC.,<br><br>Defendant. | Case No. C-12-02646-RMW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF CLASS CERTIFICATION UNDER RULE 23(b)(3)**<br><br>[Re Docket No. 155] |

Plaintiff Nancy Lanovaz brings claims on her own behalf and on behalf of a purported class of tea purchasers against Twinings for its allegedly "misbranded" green, black, and white teas. Plaintiff filed her motion for class certification on November 15, 2013. Dkt. No. 89. The opposition was filed February 14, 2014, and the reply was filed March 14, 2014. The court heard argument on the motion on April 18, 2014.

On April 24, 2014 the court certified an injunctive class under Fed. R. Civ. Pro. 23(b)(2), and declined to certify a class under Rule 23(b)(3), because Lanovaz did not present a viable damages model. Dkt. No. 132 (Cert. Order). Lanovaz then petitioned the Ninth Circuit for leave to appeal the class certification order under Fed. R. Civ. Pro. 23(f), which was denied. Dkt. No. 136 (petition); Dkt. No. 140 (denial of petition).

ORDER DENYING RECONSIDERATION
Case No. C-12-02646-RMW
LRM
- 1 -

At the case management conference following the Ninth Circuit's denial of the petition, Lanovaz indicated her desire to present a new theory of damages, either through a second motion for class certification or through a motion for reconsideration. Dkt. No. 144 (Joint Case Mgmt. St.). The court allowed plaintiff to file a motion for reconsideration of the class certification order, and then set a briefing schedule. Dkt. No. 150. Having reviewed the papers, the court denies the motion for reconsideration.

## I. Analysis

### A. Standard on Motion for Reconsideration

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff bases her motion for reconsideration on "[t]he emergence of new material facts . . . occurring after the time of [the class certification] order." Civ. L. R. 7-9(b)(2); Dkt. No. 155 at 3. "[T]o support a motion for reconsideration . . . based upon newly discovered evidence, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citations omitted).

### B. Repeat Motions For Class Certification Are Not Routinely Allowed

In plaintiff's Case Management Statement, she suggests that multiple motions for class certification are "routinely allowed." Dkt. No. 144 at 4. Reviewing the cases cited in support of this statement reveals that the cases involved circumstances not present here.

In *Soto v. Diakon Logistics (Del.), Inc.*, 2013 WL 5939787 (S.D. Cal. Nov. 4, 2013) the court considered multiple class certification motions based on narrowing of the class definition.

In *Hernandez v. Guglielmo*, 2013 WL 5788659 (D. Nev. Oct. 25, 2013), the court mentions that it is considering a second motion for class certification, but the prior class certification motion

was never decided on the merits, and was "DENIED without prejudice to its reinstatement at plaintiffs' request after the close of any discovery and after the ruling on dispositive motions." Case No. 09-cv-00830-LDG-GWF, E.C.F. No. 45 at 2 (D. Nev. Sept. 24, 2010).

Similarly, in *We Are America v. Maricopa County Bd. of Supervisors*, the court noted that it was considering a second class certification motion, but the first motion was never decided on the merits due to abstention and preemption issues. 297 F.R.D. 373, 377 (D. Ariz. 2013); 2007 WL 2775134 at *8 (D. Ariz. Sept. 21, 2007).

In *Rosales v. El Rancho Farms*, the court allowed a second motion for class certification on a substantially narrowed class based in part on "taking a look at the evidence with the narrower potential classes in mind." No. 09-cv-00707-AWI-JLT, E.C.F. No. 95, 2012 WL 2684979 at *3 (E.D. Cal. July 6, 2012).

In *Dunbar v. Google, Inc.*, the court allowed a second motion for class certification after the first motion was denied without prejudice, and the plaintiff amended his complaint and proposed class definition to address the court's concerns on the first motion. 2012 WL 6202797 (N.D. Cal. Dec. 12, 2012).

None of the cases cited supports allowing a second motion for class certification on the basis that plaintiff could pursue a "new" or alternative damages theory not previously proposed. Plaintiff therefore must meet the standard for reconsideration outlined *supra*.

**C. There are No New Facts Justifying Reconsideration**

The basis for plaintiff's motion for reconsideration is that her expert, Dr. Oral Capps, has now concluded that he can use a hedonic regression analysis to calculate damages for the class. Dkt. No. 155 at 3; Dkt. No. 160 at 6 ("The principal new fact that warrants reconsideration of the Court's previous order is that Dr. Oral Capps has informed the Court in his Declaration submitted in support of the Motion to Reconsider that he can perform a regression analysis known as hedonic regression analysis even without label changes by Twinings during the class period."). Plaintiff did not present the hedonic regression analysis at the original class certification stage. "Plaintiff's expert's new theory of calculating damages will be based partially on discovery documents that were only

ORDER DENYING RECONSIDERATION
Case No. C-12-02646-RMW
LRM

- 3 -

provided to Plaintiff after the principal brief for class certification was filed and partially on additional on-going discovery from Defendant and third parties." *Id.*

The court does not agree that the hedonic regression analysis is either based on new facts or facts that plaintiff could not reasonably have discovered at the time the original motion was under consideration.

First, hedonic regression analysis was available as a possible damages model, and that was well known to plaintiff by mid-January 2014, two months before her reply brief was filed in this case. *See Werdebaugh v. Blue Diamond Growers*, Case No. 12-cv-02724-LHK, E.C.F. No. 77-4 at ¶¶ 16-23 (N.D. Cal. Jan. 17, 2014) (Decl. from Dr. Capps explaining how to apply a hedonic regression and what information would be used to support a hedonic regression analysis); *Brazil v. Dole Food Co., Inc.*, Case No. 12-cv-1831-LHK, E.C.F. No. 101-9 at ¶¶18-20 (N.D. Cal. Jan. 31, 2014) (same).[1]

Plaintiff does not explain why "since the time of [Dr. Capp's reply] declaration, Dr. Capps has come to realize that an econometric model known as hedonic regression analysis may be utilized to obtain an accurate measure of class-wide damages in the absence of a label change." Dkt. No. 155 at 5. This statement cannot be accurate, because Dr. Capps submitted declarations in other cases two months earlier testifying that hedonic regression was a possible damages model. In addition, in his Declaration in Support of Reconsideration Dr. Capps acknowledges that "[t]he use of hedonic regression is widely regarded in economic circles and represents a well-established and accepted quantitative method in the calculation of restitution and damages." Dkt. No. 155-1 (Aug. 29, 2014 Capps Decl.) at ¶ 14.

Second, the information needed to support the hedonic regression analysis was available to plaintiff or was accessible through a subpoena to third parties at the time of the original motion for class certification. *See* Dkt. No. 114-6 at ¶ 15 (Capps Reply Decl. listing products comparable to defendant's products).

---

[1] Although the court has reservations about the reliability of the results of Dr. Capp's hedonic regression theory in this case because of the difficult, if not impossible, task of isolating the effect of the label on price, *Daubert* issues are beyond the scope of this order and are premature.

ORDER DENYING RECONSIDERATION
Case No. C-12-02646-RMW
LRM
- 4 -

The court agrees that a precise calculation of damages before deeming a class worthy of certification is not required. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 5428139, (N.D. Cal. June 20, 2013) report and recommendation adopted, No. C-07-5944-SC, 2013 WL 5391159 (N.D. Cal. Sept. 24, 2013). However, here, plaintiff had available to her, at the class certification hearing, the facts necessary to at least explain her "hedonic regression" theory. She made no complaints about Twinings' late production of discovery impairing her ability to set forth a plausible theory of damages. In fact, she had earlier opposed Twinings' request to postpone the class certification hearing until the court ruled on Twinings' summary judgment motion. *See* Dkt. No. 94.

Here, plaintiff did not subpoena Information Resources, Inc. ("IRI") for sales and pricing information regarding Twinings' products, and information for the sales and pricing of Twinings' competitors, until after the court denied the 23(b)(3) class, and the Ninth Circuit declined to review plaintiff's appeal. There is no explanation for the delay in seeking discovery from IRI until after the first motion for class certification, especially when plaintiff's counsel and Dr. Capps relied on hedonic regression in similar food mislabeling cases that were being briefed at the same time.

The parties make two additional arguments in the reconsideration briefing. Plaintiff asks the court to consider granting nominal damages in connection with the injunctive class. This argument is not based on any new law, but simply a new legal argument plaintiff could have raised in the original class certification motion. Also, the court has found no support for such a theory in class actions. Accordingly, the court declines to take up this argument.

Defendant asks the court to revisit its class certification under 23(b)(2), and reasserts an old argument based on *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011), that defendant suggests precludes an injunctive class where plaintiff also seeks monetary damages. The court does not find this argument persuasive, and again reiterates that the injunctive class certified here will not be entitled to any individualized award of monetary damages such as restitution or disgorgement. *See* Dkt. No. 132 (Class Cert. Order) at 8-9.

## II.  Order

For the reasons explained above, the court denies the motion for reconsideration.

Dated: December 17, 2014



RONALD M. WHYTE
United States District Judge