United States District Court
Northern District of California

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY LANOVAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA,<br><br>Defendant. | Case No. 5:12-cv-02646 RMW (HRL)<br><br>**INTERIM ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. 137] |

In DDJR No. 1, plaintiff complains that defendant's privilege log is inadequate to support attorney-client privilege claims as to approximately 65 documents. She asks this court to conduct an in camera review to determine whether defendant's privilege claims are justified and because she also believes that a review may reveal evidence of the crime-fraud exception to privilege. Alternatively, plaintiff requests an order directing defendant to produce an amended privilege log.

Defendant contends that none of the withheld documents is relevant to class claims for injunctive relief, which it says is all that remains of plaintiff's case. There is some question in this court's mind as to how germane these documents are to the matters in dispute. Nevertheless, on the record presented, and because pre-trial discovery is to be broadly construed under Fed. R. Civ. P. 26, this court cannot exclude the possibility that the subject documents may be relevant or reasonably calculated to lead to the discovery of admissible evidence.

With respect to the sufficiency of defendant's privilege log, some clarification is required.

Plaintiff points out that certain entries contain no information as to authors or recipients, but her challenge to these entries is deemed moot.[1]  Defendant has offered to review these documents and to provide the additional information plaintiff requests.  For the reasons discussed below, however, defendant shall submit these documents to the court for an in camera review.

Plaintiff claims that the privilege has been waived with respect to other documents[2] because they appear to have been sent to persons not employed by defendant.  Defendant contends that the privilege is preserved because Twinings North America shares a common interest with R. Twining and Co. UK Ltd. (Twinings UK), which defendant says is a related entity and joint client that frequently uses the same attorneys.  Plaintiff offers no basis to challenge defendant's assertion of the joint client privilege or the common interest exception to waiver.  Nevertheless, some of the privilege log entries, on their face, suggest that the subject communications were sent by or disseminated to persons who may not be employed by Twinings at all (or, if they are, that is not apparent to this court on the present record).  For example, entries for PRIV_TW001-3, 6-8, 38, and 68 include persons with email addresses at "nationalimporters.com," "gowlings.com," "fluidcommunications.com," and "achfood.com."  Also:

- The entry for PRIV_TW044 contains no information as to sender(s) or recipient(s).
- The entry for PRIV_TW109 does not show any recipient(s).
- With respect to PRIV_TW114, plaintiff claims that no attorney is identified—an assertion that defendant does not refute.

Plaintiff challenges other privilege log entries[3] on the ground that no attorney is listed on these communications.  Defendant maintains that these are all communications in which legal advice was relayed between Twinings nonlawyers and correctly notes that the privilege applies to "a communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel."  United States v. ChevronTexaco Corp., 241 F. Supp.2d 1065, 1077

---

[1] PRIV_TW004-5, 13-17, 22-24, 39, and 63-64.

[2] PRIV_TW001-3, 6-8, 26-29, 32, 35, 38, 44, 68, 71, 77-78, 80, 95, 107-109 and 114.

[3] PRIV_TW030-31, 33, 36-37, 65-67, 70, 72, 76, 81-84, 88-89, 90, 92-93, 96-97, 105, 110, 112, 116-117, and 124-125.

(N.D. Cal. 2002). Nevertheless, the entries for PRIV_TW090 and PRIV_TW112 should identify the recipients of the emails.

But, even if this court were to confirm that the privilege applies to each of the documents in question, plaintiff contends that an in camera review may reveal evidence establishing the crime-fraud exception to privilege. While her showing is not overwhelming,[4] plaintiff has satisfied the evidentiary threshold, which has been described as "minimal" and "low." In re Grand Jury Investigation, 974 F.2d 1068, 1072 (9th Cir. 1992) (citing United States v. Zolin, 491 U.S. 554, 109 S. Ct. 2619, 105 L.Ed.2d 469 (1989)). This court questions the relative importance of the claimed privileged materials to the issues in this case. But, it will, in the exercise of its discretion, conduct a review of the documents in question, given the matters requiring clarification (discussed above) and based on plaintiff's request for review re a possible crime-fraud exception.[5]

Within 14 days from the entry of this order, defendant shall lodge all of the challenged documents with this court's chambers, along with a cover letter identifying each of the persons listed in the privilege log, who they work for, and their position. Additionally, defendant shall file a supplemental brief (no more than 5 pages) clarifying the matters raised in this order. Plaintiff may file a response if she wishes. Her response may not exceed 5 pages and must be filed within 4 days after defendant's supplemental brief is e-filed.

**SO ORDERED**.

Dated:   January 16, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Details of plaintiff's showing will not be discussed here because those matters have been sealed.

[5] The court otherwise finds unconvincing plaintiff's argument that an in camera review is required simply because she is unsure whether the documents might include ordinary business discussions.

5:12-cv-02646-RMW Notice has been electronically mailed to:

Ben F. Pierce Gore    pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington    bherrington@barrettlawgroup.com, bherrington@pacernotice.com

Charles F. Barrett    charles@cfbfirm.com, dawn@cfbfirm.com

Claudia Maria Vetesi    cvetesi@mofo.com, bfuller@mofo.com

J. Price Coleman    colemanlawfirmpa@bellsouth.net

William Francis Tarantino    wtarantino@mofo.com

William Lewis Stern    wstern@mofo.com, jfogel@mofo.com, lsario@mofo.com, lwongchenko@mofo.com, nwheatfall@mofo.com