UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY LANOVAZ,<br><br>    Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA, INC,<br><br>    Defendant. | Case No. 12-cv-02646-RMW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 167 |

Plaintiff Nancy Lanovaz, on behalf of herself and a class of Twinings tea purchasers, moves for leave to file a motion for reconsideration of the court's prior order dismissing her unjust enrichment claim. Dkt. No. 167. The court previously dismissed the unjust enrichment claim as duplicative of Plaintiffs' consumer protection claims. Dkt. No. 46. Plaintiffs argue that recent California precedent establishes that unjust enrichment is an independent cause of action, and therefore the court's dismissal is contrary to applicable law. Dkt. No. 167 at 2. For the reasons explained below, the court GRANTS the motion for leave.

I. ANALYSIS

   A. Standard on Motion for Reconsideration

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

Case No.: 12-CV-2646-RMW
Order on Motion for Leave        1

an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff bases her motion for reconsideration on a material change in law. Civ. L. R. 7-9(b)(1); Dkt. No. 167 at 1. Plaintiff argues that (1) the Ninth Circuit has ruled that unjust enrichment is a "standalone cause of action in California" and (2) the remedy of disgorgement, which is not available under the UCL, FAL, or CLRA, is available under an unjust enrichment claim, making unjust enrichment non-duplicative.

**B. Plaintiffs Are Given Leave to File a Motion for Reconsideration Because Plaintiffs May Be Able to Establish That Nonrestitutionary Disgorgement is an Available Remedy**

Plaintiffs wish to reinstate their claim for unjust enrichment, based on the following legal conclusions:

1. Unjust enrichment is a standalone cause of action per recent California and Ninth Circuit law;

2. Nonrestitutionary disgorgement is a remedy available under a claim for unjust enrichment;

3. Nonrestitutionary disgorgement is not a remedy available under California's consumer protection statutes (here, the UCL, FAL, and CLRA);

4. An amount of damages other than the price premium paid for Twinings tea with the offending antioxidant label is nonrestitutionary disgorgement; and

5. Because the remedies available under the consumer protection statutes and the unjust enrichment claim are different, plaintiffs should be allowed to proceed on their unjust enrichment claim.

At this point, the court agrees that California law is clear on the first four conclusions: Plaintiffs are limited to the price premium under the UCL, FAL, and CLRA, and nonrestitutionary disgorgement is a possible remedy under a standalone claim for unjust enrichment.[1] However, at this point, the court does not agree that a nonrestitutionary disgorgement remedy could be

---

[1] If Twinings disagrees with these conclusions, they are free to argue as much in their opposition.

Case No.: 12-CV-2646-RMW
Order on Motion for Leave    2

available in this case for the three reasons explained below. Instead, the remedy under an unjust enrichment claim would appear to be limited to a price premium, making the unjust enrichment claim duplicative.

First, the two cases plaintiffs cite in support of their motion for leave are not applicable to this case. *See American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1458 (2014), as modified (May 27, 2014); *Meister v. Mensinger*, 230 Cal. App. 4th 381 (2014). Both involved a breach of fiduciary duty, and relied heavily on an earlier case also involving a fiduciary breach. Neither case suggests that disgorgement of profits would be an appropriate remedy in a consumer case. In *Idanta* the Court of Appeal found that "the measure of restitution for aiding and abetting breach of fiduciary duty" is "the net profit attributable to the wrong." 225 Cal. App. 4th at 1458; *id.* at 1481 ("We agree with AML that the restitutionary remedies of unjust enrichment and disgorgement are available **for aiding and abetting breach of fiduciary duty**." (emphasis added)). *Idanta* relied on *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007), which also involved a breach of fiduciary duty. *Walsh* noted that "Disgorgement of profits is particularly applicable **in cases dealing with breach of a fiduciary duty**, and is a logical extension of the principle that public officials and other fiduciaries cannot profit by a breach of their duty. Where a person profits from transactions conducted by him as a fiduciary, the proper measure of damages is full disgorgement of any secret profit made by the fiduciary regardless of whether the principal suffers any damage" (emphasis added). *Meister* includes essentially the same discussion of the unjust enrichment remedies as *Idanta* and *Walsh*, and also emphasizes the special applicability of disgorgement in a fiduciary breach context. *Id.* at 396-400 (discussing availability of various remedies for breach of fiduciary duty).

Indeed, the Restatement recognizes that

> the rule of this section does not impose a potential disgorgement liability for every business transaction between claimant and defendant in which the defendant commits a violation of law. To establish liability under § 44(1), it is not enough to show "conscious interference with a claimant's legally protected interests"; the claimant must show, in addition, that restitution is necessary to prevent the defendant's unjust enrichment. The latter requirement is reinforced by the rules of § 44(3)(b) (restitution may be limited or

Case No.: 12-CV-2646-RMW
Order on Motion for Leave                    3

> denied to avoid "inappropriate windfall") and § 44(3)(d) (restitution may be limited or denied "if allowance of the claim would conflict with liabilities or penalties for the interference provided by other law").

Restatement (Third) of Restitution and Unjust Enrichment § 44 (2011). Plaintiffs have not shown that disgorgement of profits is an appropriate remedy in a consumer protection case.

Second, allowing plaintiffs to recover disgorgement remedies would appear to conflict with the comprehensive consumer protection scheme laid out in the UCL, FAL, and CLRA. The UCL, FAL, and CLRA already provide plaintiffs a host of remedies, including damages. However, disgorgement of profits is not one of them. It is not clear why plaintiffs should be allowed to bypass the limits placed on damages under those statutes through a generic unjust enrichment claim based on the exact same underlying facts. *See Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1595 (2008) (dismissing unjust enrichment claim because it "would allow them to circumvent the law and public policy reflected in (1) [the statutory] mandate that only an injured plaintiff may assert a private action under [the consumer-protection statute], and (2) the Legislature's decision not to create a private right of action for violations of the Insurance Code sections relevant to this case."). *See also* Restatement (Third) of Restitution and Unjust Enrichment § 44(3)(d) (2011) (disgorgement not available "if allowance of the claim would conflict with liabilities or penalties for the interference provided by other law"); *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 350 F. Supp. 2d 160 (D. Me. 2004)

Third, the remedy for an unjust enrichment claim must be linked to the benefit unjustly retained by the defendant. "The profit for which the wrongdoer is liable by the rule of § 51(4) is the net increase in the assets of the wrongdoer, to the extent that this increase is attributable to the underlying wrong." Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011). Here, the only amount retained "attributable to the underlying wrong" is the amount Twinings allegedly overcharged based on the antioxidant label. Thus, the damage appears to be the same as the price premium. To the extent plaintiffs could recover Twinings *profit* off the price premium, that would actually appear more difficult for plaintiffs to prove: they would first prove the price premium (something they cannot yet do), and then apply Twinings corporate rate of return (something they

Case No.: 12-CV-2646-RMW
Order on Motion for Leave                                4

do not yet know) to that amount. To provide the entire profit attributable to the tea would constitute a windfall to plaintiffs. *See* Restatement (Third) of Restitution and Unjust Enrichment § 44(3)(b) (2011) (disgorgement will be limited or denied "to the extent it would result in an inappropriate windfall to the claimant, or would otherwise be inequitable in a particular case.").

Accordingly, the court would like plaintiffs to address the following issues in any motion for reconsideration:

- Whether disgorgement of profits is an available remedy for unjust enrichment in a consumer protection case (and not just generally available as a remedy for unjust enrichment);
- Whether a disgorgement remedy would conflict with the remedies provided by the UCL, FAL, and CLRA; and
- How plaintiffs would prove the amount of profits attributable to Twinings' alleged wrong.[2]

The court would also like Twinings to address whether the earlier dismissal of the damages remedies in this case means the unjust enrichment claim is no longer duplicative. *See In re Ford Tailgate Litig.,* No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) ("To the extent unjust enrichment is available as an independent claim, and not merely a remedy, it will not stand where the claim simply mirrors other statutory or tort claims. . . . Should plaintiffs ultimately be unable to recover under either a contract or tort theory, it does not mean a legal remedy was unavailable (thereby justifying an equitable remedy of unjust enrichment), but only that their claim lacks merit.").

**II. ORDER**

For the reasons explained above, the court GRANTS the motion for leave to file a motion for reconsideration. Plaintiffs may file a motion, not to exceed 15 pages, which at least addresses the issues raised above, by March 13, 2015. Defendant may file an opposition, not to exceed 15 pages, by March 27, 2015. Plaintiffs may file a reply, not to exceed 7 pages, by April 3, 2015.

---

[2] On this point, the court notes at the outset that plaintiffs will not be permitted to bypass the court's prior orders rejecting Dr. Capps' regression models. The time for Dr. Capps to come forward with a workable price premium model in this litigation has passed.

1 The court will decide the matter on the papers unless the court notifies the parties that it wants to
2 hold a hearing.
3      **IT IS SO ORDERED**.
4 Dated: February 19, 2015

_____
RONALD M. WHYTE
United States District Judge