1
2
3
4
5
6
7

United States District Court
Northern District of California

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11    NANCY LANOVAZ,                              Case No.  5:12-cv-02646-RMW

                    Plaintiff,
12
                                                  **ORDER DENYING MOTION FOR**
13          v.                                    **RECONSIDERATION**

14    TWININGS NORTH AMERICA, INC,                 Re: Dkt. No. 180

                    Defendant.
15

16          This court granted plaintiff Nancy Lanovaz's motion for leave to file a motion for

17    reconsideration of the court's prior order dismissing her unjust enrichment claim as duplicative of

18    her consumer protection claims.[1]  Dkt. No. 177 ("Order Granting Leave").  The premise of

19    Lanovaz's motion for leave is that the damages available under her unjust enrichment claim are

20    different from the damages available under her consumer protection claims.  Dkt. No. 167 at 5.  In

21    the Order Granting Leave, the court raised three concerns related to whether the damages available

22    under the unjust enrichment claim would be duplicative of the damages available under the

23    consumer protection claims.  The court requested briefing on those issues because it is apparent

24    that the driving force behind plaintiff's desire to pursue the unjust enrichment claim is so that

25

26    _____

      [1] The court refers to plaintiff's UCL, FAL, and CLRA claims collectively as the "consumer
27    protection claims."

      5:12-cv-02646-RMW
28    ORDER ON RECONSIDERATION OF UNJUST ENRICHMENT CLAIM
                                                  1

plaintiff can attempt to certify a damages class.  *See* Dkt. No. 180 ("Mot.") at 1 ("Plaintiff should be permitted to pursue monetary remedies under that cause of action [i.e., unjust enrichment].").  Having received the parties' briefing on the damages available under an unjust enrichment claim, it is now apparent that plaintiff is actually seeking a form of damages that is available, at least theoretically, under *both* an unjust enrichment claim and a consumer protection claim, namely restitutionary disgorgement of profits from Twinings alleged mislabeling.  *See* Dkt. Nos. 180 (Mot.), 182 ("Opp."), 183 ("Reply").  Because this form of damages was available under the consumer protection claim, plaintiff should have sought such a remedy when presenting her motion for class certification.  She did not.  As the court noted in its Order Granting Leave, the court will not allow plaintiff to use the unjust enrichment claim as a vehicle for belatedly obtaining a second bite at class certification, if the damages issues under the unjust enrichment claim are the same as the damages issues under the consumer protection claims on which the court has already ruled.  Dkt. No. 177 at 5 n.2.  Accordingly, the court DENIES the motion for reconsideration.

# I.  BACKGROUND

## A.  Factual Background

Plaintiff Nancy Lanovaz brings claims on her own behalf and on behalf of a purported class of tea purchasers against Twinings for its allegedly "misbranded" green, black, and white teas.  She claims that Twinings' tea labels and website[2] violate federal regulations, which California has incorporated into state law, and are misleading.  Lanovaz alleges that she paid a premium for Twinings' green and black tea and would not have purchased them but for Twinings' unlawful labeling.  She asserts that Twinings violated California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and the Consumers Legal Remedies Act ("CLRA").  Dkt. No. 62, Third Amended Complaint ("TAC") ¶¶ 157-215.  Lanovaz seeks

---

[2] The allegedly misleading statements on Twinings' website have been removed, although the statements at issue still appear on the tea labels.

monetary and injunctive relief for herself and on behalf of a purported class of tea purchasers who bought allegedly mislabeled products.  At the heart of Lanovaz's claim is a label describing Twinings' tea as a "Natural Source of Antioxidants," which currently appears on the 51 varieties of Twinings' tea at issue in this lawsuit.  Twinings' green teas also include a longer text description on the label, which states in relevant part, "[a] natural source of protective antioxidants . . . Twinings' Green Teas provide a great tasting and healthy tea drinking experience."  Dkt. No. 70-2 (Stern Decl. Ex. B).  Twinings' website also contains statements about antioxidants.

Lanovaz began purchasing Twinings' Earl Grey Tea (a black tea) approximately twenty years ago. Lanovaz Depo.  15:4-22, Dkt. Nos. 70-1, 75-1. She began purchasing Twinings' Green Tea six to eight years ago, after a friend told her that it was healthy.  *Id.* at 94:12-14, 100:8-13. She also occasionally purchased Twinings' decaffeinated green tea, jasmine green tea, lemon twist, and black tea with lemon.  *Id.* at 6:16-19.  Lanovaz stopped purchasing Twinings teas on April 30, 2012 when she first met with her attorney. *Id.* at 34:23-36:10.

The gravamen of Lanovaz's complaint is that Twinings' labels violate U.S. Food and Drug Administration ("FDA") labeling regulations and thus is illegal under California law, which has adopted these regulations.[3]  Although no one disputes that Twinings' tea contains flavonoids, a type of antioxidant, the FDA does not allow nutrient content claims about flavonoids because the FDA has not established a recommended daily intake for flavonoids.  *See* 21 C.F.R. 101.54(g)(1). Lanovaz argues that Twinings' labels and website are deceptive, misleading, and unlawful even if they are technically true.

**B. Procedural Background**

Lanovaz filed her first complaint on May 23, 2012, and filed an amended complaint on September 20, 2012.  Dkt. Nos. 1, 24.  Twinings moved to dismiss the amended complaint, and

---

[3] California Health & Safety Code section 110100(a) adopts "[a]ll food labeling regulations of the FDA and any amendments to those regulations" and section 110670 provides that "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."

1   the court granted in part and denied in part the motion to dismiss.  Dkt. No. 29 (Motion), Dkt. No.

2   46 (Order).  The court dismissed Lanovaz's Song-Beverly Consumer Warranty Act, Magnuson-

3   Moss Warranty Act, and unjust enrichment claims with prejudice.  Dkt. No. 46 at 12-13.  The

4   court dismissed the unjust enrichment claims because "plaintiff's claim for unjust enrichment is

5   based on the same allegations as the UCL, FAL, and CLRA claims.  Lanovaz's claim is simply a

6   reformulation of her UCL, FAL, and CLRA claims.  Restitution is already a remedy under the

7   UCL, so plaintiff's restitution claim is superfluous." *Id.* at 12.  After another motion to dismiss

8   and order, Lanovaz filed the TAC, now the operative complaint in the case.  Dkt. No. 62.

9        The parties proceeded with discovery, and Twinings deposed Lanovaz.  Immediately after

10   deposing Lanovaz, Twinings moved for summary judgment, in part on the basis that Lanovaz

11   could not show that she materially relied on the antioxidant statements when purchasing Twinings

12   tea.  Dkt. No. 69.  The court found "a triable issue of fact as to whether or not the label was a

13   'substantial factor, in influencing [Lanovaz's] decision,'" and denied Twinings' motion for

14   summary judgment. *See* Dkt. No. 97 ("MSJ Order") at 8.

15        The case then moved to the class certification stage.  The court granted in part and denied

16   in part Lanovaz's motion for class certification.  Dkt. Nos. 89 ("Mot. for Cert."); Dkt. No. 132

17   (Cert. Order).  The court granted the motion to certify a class for injunctive relief under Rule

18   23(b)(2), and denied the motion as to any damages class under Rule 23(b)(3).  The court denied

19   the damages class after finding that "the price premium attributable to the antioxidant labels in the

20   only legally permissible measure of damages," and that "plaintiffs do not present any damages

21   model capable of estimating the price premium attributable to Twinings' antioxidant labels."  Cert.

22   Order at 12.  Although plaintiff's expert, Dr. Oral Capps, had proposed using a regression analysis

23   that could "be translated into the percentage of sales attributed specifically to the claims made by

24   the Defendant," Dr. Capps later declared that "the use of regression or econometric analysis to

25   assess class-wide or aggregate damages is ruled out" in this case. *Id.* at 11-12 (citing Capps Decl.

26   and Capps Reply Decl.).

27

28

United States District Court
Northern District of California

Plaintiff appealed the court's ruling pursuant to Fed. R. Civ. P. 23(f).  Dkt. No. 136.  On July 9, 2014 her appeal was declined by the Court of Appeals for the Ninth Circuit.  Dkt. No. 140.

The court then held a case management conference.  In the parties' Joint Case Management Statement, Lanovaz indicated that she intended to file a second motion for class certification based on new discovery.  Dkt. No. 144 ("JCMS") at 2-3.  Twinings objected to allowing plaintiff to file a second certification motion.  *Id.* at 5-8.  At the conference, the court granted Lanovaz leave to file a motion for reconsideration of the court's order denying certification of the damages class.  Dkt. No. 148.  The court ordered plaintiff to "explain what new facts justify the motion for reconsideration; what discovery is necessary to perfect a new motion for class certification[;] and why these issues were not raised previously."  Dkt. No. 150.

In Lanovaz's motion for reconsideration of the court's certification order, she argued that "[s]ince the time of that declaration [i.e., Dr. Capps' reply declaration], Dr. Capps has come to realize that an econometric model known as hedonic regression analysis may be utilized to obtain an accurate measure of class-wide damages in the absence of a label change."  Dkt. No. 155 at 10.  The court did not find this persuasive, because Dr. Capps had offered his hedonic regression theory in other cases at the same time as the class certification briefing in this case, and the hedonic regression analysis was not based on "new facts or facts that plaintiff could not reasonably have discovered at the time the original motion was under consideration."  Dkt. No. 166 ("Order on Damages Recon.") at 4.  The court further noted that repeat motions for class certification are not routinely allowed.  *Id.* at 2-3.

Less than one month after the court denied plaintiff's motion for reconsideration of the damages class, plaintiff filed a motion for leave to file a motion for reconsideration of the court's February 25, 2013 order dismissing her unjust enrichment claim.  Dkt. No. 167.  Plaintiff argued that (1) unjust enrichment is a stand-alone cause of action under California law, and (2) the remedy of nonrestitutionary disgorgement is available under an unjust enrichment claim, but not under a UCL, FAL, or CLRA claim, such that the unjust enrichment claim is not duplicative.  The

1    court granted Lanovaz leave to file the motion for reconsideration on the basis that the damages

2    available under the unjust enrichment claim may not be duplicative of the UCL, FAL, and CLRA

3    damages, and directed plaintiff to address the court's concerns regarding nonrestitutionary

4    disgorgement. *See* Order Granting Leave. The court now considers plaintiff's motion for

5    reconsideration of the court's order dismissing the unjust enrichment claim.

6    **II. LEGAL STANDARD**

7           "Reconsideration is appropriate if the district court (1) is presented with newly discovered

8    evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

9    an intervening change in controlling law. There may also be other, highly unusual, circumstances

10   warranting reconsideration." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d

11   1255, 1263 (9th Cir. 1993) (citations omitted).

12   **III. ANALYSIS**

13       **A. Plaintiff is Seeking Restitutionary Disgorgement of Profits, A Remedy Available
             Under the Consumer Protection Claims**

14

15          **1. Plaintiff's Motion for Leave Sought Nonrestitutionary Disgorgement Damages**

16          Plaintiff's motion for leave to file a motion for reconsideration made two arguments: (1)

17   unjust enrichment was a stand-alone claim in California and (2) "the remedy for unjust enrichment

18   can be 'nonrestitutionary disgorgement,'" making the unjust enrichment claim non-duplicative.

19   Dkt. No. 167 at 5. Plaintiff stated that "restitution resulting from an unjust enrichment claim

20   includes nonrestitutionary disgorgement and goes beyond the *restitutionary disgorgement of the*

21   *UCL (or FAL or CLRA)*." *Id.* (emphasis added). Plaintiff also recognized that "[c]ourts have

22   repeatedly held that where the plaintiff got a benefit from a product a total refund of the purchase

23   price would constitute nonrestitutionary disgorgement." Dkt. No. 170 at 9 n.5. Thus,

24   nonrestitutionary disgorgement would be full refunds of the tea price plus the profit Twinings'

25   derived from selling the tea. This court then granted the motion for leave, expressly stating that

26   "plaintiffs are given leave to file a motion for reconsideration because plaintiffs may be able to

27   established that nonrestitutionary disgorgement is an available remedy." Order Granting Leave at

28

2.  The court thus concerned itself with whether plaintiff could recover nonrestitutionary disgorgement in this case.  *Id.* at 5.

> ### 2.   Plaintiff's Motion for Reconsideration Establishes that Plaintiff is Actually Seeking Restitutionary Disgorgement, a Remedy Available Under the Consumer Protective Claims Which Plaintiff Did Not Pursue

Plaintiff's motion for reconsideration abandons the remedy of nonrestitutionary disgorgement and seeks restitutionary disgorgement.  Plaintiff devotes her brief to establishing that the court should permit "plaintiff's claim for restitutionary disgorgement."  Mot. at 7.  Plaintiff herself admits that restitutionary disgorgement is available under the consumer protection statutes: "According to the *Korea Supply*[4] ruling, a proper remedy under the UCL would be recovery of 'profits unfairly obtained.'  Thus, there is no conflict between the disgorgement remedy being considered in this case and the UCL restitution remedy approved in *Korea Supply*."  Mot. at 5.

Indeed, the cases cited by plaintiff in support of her argument that "disgorgement of profits in an available remedy for unjust enrichment in a consumer protection case" all deal with restitution or restitutionary disgorgement.  For example, in *Kosta v. Del Monte Corp.* the court allowed a claim for "Restitution Based on Unjust Enrichment/Quasi–Contract."  No. 12-CV-01722-YGR, 2013 WL 2147413, at *14 (N.D. Cal. May 15, 2013).  Plaintiff then cites numerous cases that where parties "seeking a disgorgement remedy for unjust enrichment have been allowed to proceed while also asserting claims pursuant to consumer protection statutes."  Mot. at 2-3.  Plaintiff then cites *Juarez v. Arcadia Financial Ltd.*, 152 Cal. App. 4th 889 (2007).  *Juarez* addressed the denial of a motion to compel, and explained that restitutionary disgorgement, or "monies that Arcadia is alleged to have wrongfully collected from the plaintiffs, and any interest Arcadia may have earned on these monies" may be an available remedy under the UCL.  *Id.* at 917.  *FTC v. Lights of America, Inc.*, No. SACV10-01333 JVS, 2013 WL 5230681, at *51 (C.D. Cal. Sept. 17, 2013), and *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 603–04 (9th Cir. 1993), are similarly unhelpful because those cases address damages under Section 5 of the FTC Act, 15

United States District Court
Northern District of California

---

[4] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)

5:12-cv-02646-RMW
ORDER ON RECONSIDERATION OF UNJUST ENRICHMENT CLAIM

7

United States District Court
Northern District of California

1  U.S.C. § 45, and not unjust enrichment claims or California consumer protection claims.

2        In sum, none of the cases cited by plaintiff advances the argument that Lanovaz is seeking

3  damages unique to an unjust enrichment claim.[5]  Because plaintiff is actually seeking damages

4  that were available under the consumer protection claims, the court DENIES the motion for

5  reconsideration as the court has already found that plaintiff cannot certify a damages class based

6  on damages theories available under the consumer protection statutes.  The court declines to

7  further prolong litigation over plaintiff's ability to certify such a class, given the lengthy

8  procedural history of this case and plaintiff's multiple opportunities to brief the damages issues to

9  the court.  *See* Dkt Nos. 89, 114, 155, 160, 167, 170, 180, and 183.  Allowing plaintiff yet another

10  bite at class certification—essentially a *fourth* bite (one class certification motion plus two

11  motions for reconsideration)—would be unduly prejudicial to Twinings, highly unusual, and a

12  waste of judicial resources because it is clear that such a motion would be futile.

13  **B.  *Astiana* Does Not Require Reinstatement of Plaintiff's Unjust Enrichment Claim In
      This Case**

14

15        After the parties' briefing was complete, the Ninth Circuit decided *Astiana v Hain

16  Celestial Group*, No. 12-17596, 2015 WL 1600205 (9th Cir. April 10, 2015).  In *Astiana*, the

17  Ninth Circuit held that "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the

18  cause of action as a quasi-contract claim seeking restitution.'"  *Astiana*, 2015 WL 1600205 at *7

19  (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 166 (2014)).  An

20  allegation that "[defendant] had 'entic[ed]' plaintiffs to purchase their products through 'false and

21  misleading' labeling, and that [defendant] was 'unjustly enriched' as a result . . . is sufficient to

22  state a quasi-contract cause of action."  *Id.*  The fact that such a claim is duplicative of other

23  claims "is not grounds for dismissal."  *Id.*[6]  The Ninth Circuit did not directly address what

24  _____

    [5] Plaintiff's argument that the remedies available under the consumer protection claims are
25  cumulative is also irrelevant to whether plaintiff is seeking a unique remedy for unjust enrichment,
    or is actually seeking a remedy she could have sought under the consumer protection claims.  Mot.
26  at 4-5.
    [6] The court notes that the Ninth Circuit found that "in California, there is not a standalone cause of
27  action for 'unjust enrichment.'"  2015 WL 1600205 at *7.

damages would be available under such a claim, but repeatedly referred to restitutionary damages. *Id.* (referring to unjust enrichment claims as seeking restitution or "the return of [an unjustly conferred] benefit.").

As explained above, the damages plaintiff now seeks—profits from the mislabeling—are damages available under the consumer protection statutes.  Plaintiff admits as much: "According to the *Korea Supply* ruling, a proper remedy under the UCL would be recovery of 'profits unfairly obtained.' Thus, there is no conflict between the disgorgement remedy being considered in this case and the UCL restitution remedy approved in *Korea Supply*."  Mot. at 5.  Therefore, the court's dismissal of the unjust enrichment claim (construed as a quasi-contract claim), to the extent such a dismissal was in error in light of *Astiana*, did not limit the remedies plaintiff could have sought at the class certification stage.  In other words, plaintiff could have sought certification of a damages class equivalent to a damages class based upon an unjust enrichment claim.  Accordingly, there is nothing to be gained by granting the motion for reconsideration, as plaintiff cannot seek certification of a damages class under an unjust enrichment claim in light of the court's prior Certification Order, which denied certification of a damages class based upon Lanovaz's consumer protection claims.

## IV. ORDER

For the reasons explained above, the court DENIES plaintiffs' motion for reconsideration. The court sets a Case Management Conference for July 10, 2015 at 10:30 a.m.

**IT IS SO ORDERED**.

Dated: June 10, 2015

Ronald M. Whyte
United States District Judge

United States District Court
Northern District of California