UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY LANOVAZ,<br><br>       Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA, INC,<br><br>       Defendant. | Case No. 5:12-cv-02646-RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1** |

Plaintiff previously challenged defendant's claim of attorney-client privilege as to some 65 documents listed on defendant's privilege log. Plaintiff pointed out that certain privilege log entries contained no author or recipient.[1] As to other documents, plaintiff argued that the privilege was waived because they apparently were sent to persons not employed by defendant.[2] Certain other entries were challenged on the ground that no attorney was identified.[3] As to this last category, this court ruled that defendant correctly noted that the privilege applies to "a communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel." Dkt. 168 at 2 (quoting United States v. ChevronTexaco Corp., 241 F.

---

[1] PRIV_TW004-5, 13-17, 22-24, 39, and 63-64.

[2] PRIV_TW001-3, 6-8, 26-29, 32, 35, 38, 44, 68, 71, 77-78, 80, 95, 107-109 and 114.

[3] PRIV_TW030-31, 33, 36-37, 65-67, 70, 72, 76, 81-84, 88-89, 90, 92-93, 96-97, 105, 110, 112, 116-117, and 124-125.

Supp.2d 1065, 1077 (N.D. Cal. 2002). Nevertheless, the court stated that entries for PRIV_TW090 and 112 should identify the email recipients. Id.

Although this court questioned the relevance of the challenged documents, it agreed to conduct an in camera review. Meanwhile, defendant served a supplemental privilege log providing more information about the withheld documents, and the court directed the parties to submit supplemental briefing. Additional issues having been raised in the supplemental briefing, this court ordered defendant to lodge additional documents[4] for review and directed the parties to submit further briefing. Based on its review of all the lodged documents, as well as the parties' briefs and supplemental briefs, this court rules as follows:

Plaintiff now agrees that PRIV_TW109 and 114 properly have been withheld as privileged. In any event, having reviewed the documents in the interim, this court finds that they are privileged.

Additionally, plaintiff now states she has no objection to the privilege claims re PRIV_TW011 and PRIV_TW020. And, having reviewed those documents, as well as the associated attachments (PRIV_TW013-17, 22-24) this court agrees that all of these documents are privileged.

Plaintiff maintains that the privilege has been waived as to communications involving persons not employed by defendant---namely, employees of Twinings London, National Importers, Fluid Communications, and ACH Food Companies. Additionally, plaintiff continues to challenge entries that she says still do not adequately identify the authors or recipients of the documents.

As to the majority of the remaining documents at issue, plaintiff argues that the privilege has been waived because they included employees of Twinings London. This court previously found that plaintiff offered no basis to challenge defendant's assertion of the joint client privilege or the common interest exception to waiver. (Dkt. 168 at 2:6-10). See generally Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007). Having reviewed the documents, this

---

[4] PRIV_TW011 and 20.

court concludes that they properly have been withheld as privileged on this basis. Defendant's privilege claims are not inconsistent with deposition testimony of Karen Maroli, defendant's Vice President of Marketing.

Defendant says that National Importers is its exclusive distributor in Canada. (Dkt. 194-1, Martin Decl. ¶ 4). The challenged documents (PRIV_TW001-3) corroborate defendant's claim that Henry Evans (formerly employed by National Importers) was intimately involved in assisting defendant's counsel to render advice to Twinings on legal matters and essentially functioned as Twinings' agent. These communications therefore are privileged. And, even if the privilege did not apply, this court fails to see how these documents have any bearing on the issues in this case. Fed. R. Civ. P. 26(b)(1).

Defendant identifies Fluid Communications as an outside consultant hired by Twinings to address regulatory and labeling issues. (Martin Decl., ¶ 5). Review of the documents (PRIV_TW006-8) corroborates this claim. Further, the communications demonstrate that Fluid Communications provided information to assist defendant's counsel in rendering advice to Twinings on legal matters, not merely for business purposes. These communications are privileged.

Defendant identifies ACH Food Companies as a related corporate entity to Twinings that shares the same legal counsel. (Martin Decl. ¶ 6). Review of the documents (PRIV_TW068) corroborates this claim. These communications are privileged.

With respect to those documents that were challenged on the ground that no attorney was identified, this court finds that they properly have been withheld as privileged. As for documents that continue to provide no specific author or recipient information (PRIV_TW039, 63-64, 90, 112), this court concludes that they, too, are privileged:

Based on review of surrounding document PRIV_TW038, PRIV_TW039 is privileged. For the reasons discussed above, Document 38 is privileged and the privilege has not been waived. Without disclosing details, Document 39 appears to be notes following on from communications with counsel as to matters identified in Document 38. And, it is also apparent to this court that the author of those notes was one of the identified participants in those discussions. PRIV_TW039

properly has been withheld as privileged.

For PRIV_TW063-64, defendant's supplemental privilege log identifies the author only as "Outside Counsel." However, it is readily apparent from review of these documents that the information being conveyed to the identified Twinings recipient is legal advice re labeling issues. These documents are privileged.

As for PRIV_090 and 112, review confirms that both are emails forwarding privileged communications with defendant's counsel. Defendant says that it is unable to identify the recipient(s) of these emails, although the supplemental privilege log suggests that Document 90 is an email that Hoffman may have forwarded to herself. As for Document 112, the content of the document suggests that Hoffman was relaying legal advice from defendant's counsel to others within Twinings who were involved in the matters for which legal advice was solicited. On this record, this court is unprepared to find that the privilege has been waived.

"Under the crime-fraud exception, communications are not privileged when the client consults an attorney for advice that will serve him in the commission of a fraud or crime." In re Grand Jury Investigation, 810 F.3d 1110, 1113 (9th Cir. 2016) (citation omitted). To invoke the crime-fraud exception, Lanovaz must show that (1) Twinings "was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme" and (2) "the attorney-client communications for which production is sought are sufficiently related to and were made *in furtherance of* [the] intended, or present, continuing illegality." Id. (citation omitted). As to all of the documents submitted for review, this court concludes that the crime-fraud exception does not apply.

Defendant need not produce any of the challenged documents.

SO ORDERED.

Dated: March 11, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-02646-RMW Notice has been electronically mailed to:

Ben F. Pierce Gore     pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington     bherrington@barrettlawgroup.com, bherrington@pacernotice.com, clittlejohn@barrettlawgroup.com

Charles F. Barrett     cbarrett@nealharwell.com, dgarrison@nealharwell.com

Claudia Maria Vetesi     cvetesi@mofo.com, lsario@mofo.com

J. Price Coleman     colemanlawfirmpa@bellsouth.net

William Francis Tarantino     wtarantino@mofo.com

William Lewis Stern     wstern@mofo.com, jhaskins@mofo.com, lisaflores@mofo.com, lwongchenko@mofo.com

United States District Court
Northern District of California