UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY LANOVAZ,<br><br>    Plaintiff,<br><br>v.<br><br>TWININGS NORTH AMERICA, INC,<br><br>    Defendant. | Case No.  12-cv-02646-RMW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 200, 206 |

Plaintiff Nancy Lanovaz alleges that Twinings' green, black, and white tea products are "misbranded" under federal and California law. Dkt. No. 62. Plaintiff, on behalf of a class of California consumers, seeks injunctive relief under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"). *Id.* Defendant Twinings moves for summary judgment on all claims. *See* Dkt. No. 200. Defendant originally moved in the alternative for a stay pending the resolution of two appeals to the Ninth Circuit, but defendant withdrew the request in its reply brief. *See* Def.'s Reply, Dkt. No. 208 at 12 n.8. Defendant also moves to strike the three expert declarations submitted by plaintiff in opposition to the motion for summary judgment. *See* Dkt. No. 200 at 22-3; Dkt. No. 206. Defendant also moves for leave to file a motion for reconsideration of the court's earlier denial of summary judgment on the issue of whether the statement "natural source of antioxidants" is a "nutrient content claim"

within the meaning of FDA regulations.

Defendant's motion for summary judgment is granted because plaintiff lacks standing to pursue injunctive relief. Defendant's motions to strike the expert declarations of Dr. Christiane Schroeter, Dr. Julie Caswell, and Dr. F. Edward Scarbrough are denied as moot, as is defendant's motion for leave to a file a motion for reconsideration.

## I.   BACKGROUND

Plaintiff's claims arise out of statements on the labels for Twinings' green, black, and white tea products—specifically the statements "Natural Source of Antioxidants" and "A natural source of protective antioxidants and blended using only 100% natural ingredients, Twinings Green Tea provides a great tasting and healthy tea experience" found on Twinings' green tea labels and the statement "Tea is a Natural Source of Antioxidants" found on Twinings' black and white tea labels. TAC ¶¶ 7-10.

A "nutrient content claim" is a claim that "expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling." 21 C.F.R. § 101.13(b). Only certain defined terms and synonyms for such terms may be used in nutrient content claims. *See* 21 U.S.C. § 343(r). For example, the "terms 'good source,' 'contains,' or 'provides'" may only be used if the food contains a certain percentage of the FDA's Recommended Daily Intake or Daily Reference Value. 21 C.F.R. § 101.54(c)(1). Nutrient content claims using the term "antioxidants" are subject to additional regulations. *See* 21 C.F.R. § 101.54(g).

Under the Federal Food, Drug, and Cosmetic Act, food is "misbranded" if the label is "false or misleading in any particular" or if the label includes a nutrient content claim that does not comply with FDA requirements. *See* 21 U.S.C. §§ 343(a)(1), 343(r). California's Sherman Law adopts "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the [FDCA]" as "the food labeling regulations of this state." Cal. Health & Safety Code § 110100; *see also* Cal. Health & Safety Code § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular."); § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in" in § 343(r) and

1 the corresponding FDA regulations ).

2     Plaintiff brings UCL, FAL, and CLRA claims, asserting that she and other class members relied on Twinings' nutrient content claims when making purchasing decisions, would not have purchased the products knowing that the products did not satisfy the minimum threshold requirements for antioxidants, and paid an "unwarranted premium for these products." TAC ¶¶ 48, 67, 86, 88, 131-138. Plaintiff does not allege that Twinings' statements are literally false—she claims that "[w]hen a company such as Twinings makes unlawful antioxidant related nutrient content [] claims that are prohibited by regulation, consumers such as Plaintiff are misled." *Id.* ¶ 21.

    Plaintiff filed her original complaint on May 23, 2012. Dkt. No. 1. After three motions to dismiss, plaintiff filed the Third Amended Complaint. Dkt. No. 62. The court then granted defendant's motion for summary judgment with respect to plaintiff's causes of action based on "health claims," but denied defendant's motion for summary judgment on the issues of materiality, standing, and whether the label contained "nutrient content claims." Dkt. No. 97. On April 24, 2014, the court denied class certification for a damages class, but certified a class for injunctive relief under Rule 23(b)(3). Dkt. No. 132. Defendant now moves for summary judgment on all claims, arguing that plaintiff lacks evidence to establish materiality, deception, standing for injunctive relief, and availability of injunctive relief. Because the court grants defendant's motion summary judgment on plaintiff's lack of standing for injunctive relief, the court does not reach defendant's remaining arguments.

**II.   MOTION FOR SUMMARY JUDGMENT**

    Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing

law," and a dispute as to a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted). The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. at 250.

### A. Standing to Pursue Injunctive Relief

Plaintiff, as the party invoking federal jurisdiction, has the burden to establish Article III standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 198 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "General allegations of injury may suffice at the pleading stage, but at summary judgment plaintiffs must set forth 'specific facts' to support their claims." *Id.* (quoting *Lujan*, 504 U.S. at 561). Plaintiff "must demonstrate standing separately for each form of relief sought." *Id.* at 185. Article III standing for injunctive relief requires a showing of "real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Defendant argues that plaintiff lacks standing for injunctive relief because 1) Twinings stopped using statements about antioxidants, 2) plaintiff does not intend to purchase Twinings' products in the future, and 3) plaintiff cannot be deceived by the statement now that she is aware of the truth. The court is not persuaded that plaintiff lacks standing because she now knows the facts about the antioxidant content in the tea and, thus, cannot be deceived in the future. Plaintiff, however, does lack standing because she has made no showing that Twinings will resume its use of the offending label statements or that she intends to purchase Twinings' tea again in the future. There is no likihood of substantial and immediate irreparable injury. *City of Los Angeles*, 461 U.S.

4

at 111.

### 1. Removal of Labels

The court is unaware of any authority finding standing to pursue injunctive relief beyond summary judgment where plaintiff does not cite evidence that the conduct at issue is likely to continue. Twinings has submitted undisputed evidence that it discontinued its use of the offending labels on a rolling basis starting in 2013 and ending in April 2014. The antioxidant references were removed from its website during the last year. Twinings has no intention of using such statements in the future. *See* Dkt. No. 200-6, Martin Decl. ¶¶ 3, 7-8. In response, plaintiff references emails between Twinings' executives in which they "discussed the illegality of its labels for years and did nothing about it," arguing that an injunction is necessary "to make the change legally binding and permanent." Dkt. No. 217, Hearing Tr. at 18:6-18. Plaintiff did not cite these emails in the opposition brief and did not supply them to the court.[1] Even assuming the emails described were properly before the court, evidence of past conduct is not sufficient by itself to establish a real or immediate threat that the plaintiff will be wronged again. *See Lyons*, 461 U.S. at 103 ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy."). Because plaintiff cites no evidence that defendant is likely to use the statements again, the court finds no material dispute of fact as to the threat of future injury.

Plaintiff argues that she has Article III standing based on the California Supreme Court's holding that a plaintiff's showing of lost money or property is sufficient to establish statutory standing to pursue injunctive relief under the UCL and FAL. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 at 336-337 (2011) (finding that showing of economic harm permits plaintiff to seek an injunction "even in the absence of any basis for restitution."). In *Kwikset*, defendant had

---

[1] Despite not citing the emails in the opposition brief, plaintiff's counsel references them in a declaration without including the emails themselves as exhibits. *See* Dkt. No. 204-10. A declaration submitted in opposition to a motion for summary judgment must "be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). An attorney declaration based on review of documents constitutes "second-hand knowledge." *Estremera v. United States*, 442 F.3d 580, 584 (7th Cir. 2006).

"decided to discontinue its country of origin labels" in response to the lawsuit and "entered into a consent order with the FTC legally restricting its use of such labels."[2] 51 Cal. 4th 310 at 318 and n.3. But the California Supreme Court's analysis of statutory standing under the UCL in *Kwikset* does not address whether plaintiff has established the constitutional requirement for Article III standing to pursue injunctive relief—a "real or immediate threat that the plaintiff will be wronged again." *Lyons*, 461 U.S. at 111.

The other cases cited by plaintiff are similarly unavailing on this issue. The Ninth Circuit did not consider Article III in *Hinojos v. Kohl's Corp*: "The only issue before us, therefore, is whether this 'injury in fact' is an economic injury sufficient for purposes of statutory standing under the UCL and FAL." 718 F.3d 1098, 1104 n.3 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). In *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM AJWX, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011), the district noted that defendant had "not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products." 2011 WL 1362188 at *8. And defendant's removal of the allegedly misleading advertising was not at issue in *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012), *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012), or *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012).

### 2. Intent to Purchase

Plaintiff also lacks standing to pursue injunctive relief because she does not plausibly allege that she intends to purchase the products again. This court previously found that for the court to deny plaintiff standing because she does not intend to purchase Twinings' products again would "eviscerate the intent of the California legislature in creating consumer protection statutes

---

[2] Defendant disputes the availability of injunctive relief under California law in these circumstances. *See Pfizer Inc. v. Superior Court*, 182 Cal. App. 4th 622, 631 (2010) ("Injunctive relief is not available where, as here, the [advertising] campaign has ceased and there is no threat that the misconduct to be enjoined is likely to be repeated in the future."). The court does not need to decide whether plaintiff can establish that she is entitled to injunctive relief under California law because plaintiff has not demonstrated that she has Article III standing to pursue injunctive relief.

1  because it would effectively bar any consumer who avoids the offending product from seeking
2  injunctive relief." Dkt. No. 97 at 15-16 (quoting *Koehler*, 2012 WL 6217635, at *6 (quoting
3  *Henderson*, 2011 WL 1362188, at *7)); *see also Larsen*, 2012 WL 5458396, at *4 (same).
4        Since then, however, numerous courts in this district have rejected the precedents relied on
5  by this court and reached the opposite conclusion as to Article III standing where plaintiff does not
6  allege future intent to purchase the products. *See, e.g.*, *Anderson v. The Hain Celestial Grp., Inc.*,
7  87 F. Supp. 3d 1226, 1234 (N.D. Cal. 2015) (finding no standing for injunctive relief where
8  plaintiff "does not allege that she will re-purchase" defendant's products); *Jones v. ConAgra
9  Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *12 (N.D. Cal. June 13, 2014) (noting
10 that it is "somewhat problematic, policywise" to require a plaintiff to allege intent to purchase the
11 products at issue in the future, but finding "no way around the principle that a plaintiff must
12 establish a 'real and immediate threat of repeated injury' to establish standing for injunctive
13 relief") (citations omitted); *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10
14 (N.D. Cal. Jan. 29, 2014) (stating that "to establish standing, plaintiff must allege that he intends
15 to purchase the products at issue in the future" and declining to follow prior analysis in *Larsen* and
16 *Koehler* on intent to purchase); *Jou v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 WL
17 6491158, at *4 (N.D. Cal. Dec. 10, 2013) (disagreeing with *Henderson* and rejecting plaintiffs'
18 "contention that it is unnecessary for them to maintain any interest in purchasing the products in
19 the future" in order to pursue injunctive relief). The court continues to be troubled by the policy
20 implications of a rule prohibiting a plaintiff from pursuing injunctive relief merely because the
21 plaintiff no longer wishes to purchase a product after learning that it was falsely advertised.
22 Recognizing, however, that "the important state interest underlying California's consumer
23 protection statutes . . . can never overcome a constitutional standing prerequisite," *Anderson v.
24 Hain*, 87 F. Supp. 3d at 1234, the court now adopts the majority view that a plaintiff must intend
25 to purchase a product in the future in order to have standing to seek injunctive relief.
26       The evidence cited by the parties establishes that plaintiff has no intent to purchase
27 Twinings' products with the offending references to antioxidants in the future. Defendant cites

plaintiff's interrogatory responses, in which plaintiff states: "I no longer buy Twinings products *but I would consider buying the products if I knew that the antioxidant and health statements on its labels and website were permanently removed*." Dkt. No. 200-2, Stern Decl. Ex A at 6 (emphasis added). Another court in this district rejected a similar declaration, finding it "conclusory" and "unconvincing" where the court was unable to find support for the statement in plaintiff's deposition testimony. *See Khasin v. R. C. Bigelow, Inc.*, No. 12-CV-02204-WHO, 2016 WL 1213767, at *4–5 (N.D. Cal. Mar. 29, 2016) ("*Khasin I*") (citing *Rahman*, 2014 WL 5282106, at *6; *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 980 (C.D. Cal. 2015)).

Plaintiff did not dispute defendant's claim that she has no intention of buying the products in her opposition brief or at the hearing. In fact, plaintiff cited her own deposition testimony that she would not purchase Twinings Green Tea again—regardless of the label contents—in the section of her opposition brief addressing materiality:

> Q: So put it differently, if Exhibit 1 didn't have the three things that were circled on it, as far as you're concerned, you would still buy the product today?
>
> A: I wouldn't buy Twinings Green Tea because I know that they have misled me by having those labels on there.
>
> Q: And even if they took it off, you still wouldn't buy it?
>
> A: Correct.
>
> Q: Because you're angry at them?
>
> A: Yeah. They misled me and then everybody who buys their tea.

Dkt. No. 203-2, Dep. of Nancy Lanovaz, at 66:21-67:12. Because plaintiff has not challenged defendant's assertion that she does not intend to buy Twinings' products again, the court deems the issue conceded. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 and n.7 (N.D. Cal. 2013) (collecting cases). Plaintiff, therefore, lacks standing to pursue injunctive relief.

The court's conclusion is the same as that reached in two recent cases in the district involving almost identical facts. In *Khasin v. R. C. Bigelow, Inc.*, No. 12-CV-02204-WHO, 2016 WL 4502500 (N.D. Cal. Aug. 29, 2016) ("*Khasin II*") and *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2016 WL 4502528 (N.D. Cal. Aug. 29, 2016), the court granted summary judgment in favor of defendant Bigelow because the plaintiffs had not plausibly alleged an intent

to purchase Bigelow tea in the future and therefore could not establish the requisite likelihood of future injury. *Khasin II*, 2016 WL 4502500, at *6; *Victor*, 2016 WL 4502528, at *6.

### 3. Future Deception

The court declines, however, to find that plaintiff lacks standing because she cannot be fooled again by the same labels. Defendant is correct that courts in this district have held a that plaintiffs "who were previously misled by deceptive food labels and now claim to be better informed" lack standing "because there is no danger that they will be misled in the future." *Khasin I*, 2016 WL 1213767, at *5; *see also Victor*, 2016 WL 4502528, at *6 (same); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) ("Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is 'no danger that they will be misled in the future.'") (quoting *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014)).

Other courts, however, have rejected the "suggestion that harm to Plaintiffs cannot continue to the extent they have already discovered the alleged deception." *Jou*, 2013 WL 6491158, at *4; *see also Duran v. Creek*, No. 3:15-CV-05497-LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016) ("the court is not persuaded that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false"); *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027, at *5 (N.D. Cal. Mar. 18, 2015) (holding that "a consumer is not disabled from seeking injunctive relief against false labeling solely because she learns, after purchasing a product, that the label is false"); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. at 533 ("Should plaintiffs encounter the denomination 'All Natural' on an AriZona beverage at the grocery store today, they could not rely on that representation with any confidence. This is the harm California's consumer protection statutes are designed to redress.").

In this case, however, the court does not need to reach the issue of future deception. Plaintiff has not established a material dispute of fact as to Twinings' continued use of the labels or her own future intent to purchase and therefore lacks standing.

## III. CONCLUSION

Defendant's motion for summary judgment is granted. Defendant's motions to strike the expert declarations of Dr. Christiane Schroeter, Dr. Julie Caswell, and Dr. F. Edward Scarbrough, as well as defendant's motion for leave to file a motion for reconsideration, are denied as moot.

**IT IS SO ORDERED.**

Dated: September 2, 2016



Ronald M. Whyte
United States District Judge